**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ITALSPAIN CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>JASON MOORE, *et al.*,<br><br>  Defendants. | Case No. 2:16-cv-00308-APG-GWF<br><br>**ORDER SETTING JURISDICTIONAL DISCOVERY PERIOD AND BRIEFING SCHEDULE TO SHOW SUBJECT MATTER JURISDICTION** |

This action was originally filed in Nevada state court. ECF No. 1-1. The complaint does not allege the citizenship of the plaintiff, Italspain Corporation, or of any of the defendants: (1) Jason Moore, the former owner of the property; (2) U.S. Bank, N.A., alleged to be the beneficiary of the deed of trust; (3) The Mortgage Store Financial, Inc., alleged to be the beneficiary of a second deed of trust; (4) University Medical Center ("UMC"), alleged to have a lien on the property;[1] (4) State of Nevada, Department of Employment, Training & Rehabilitation, alleged to have a lien on the property; and (5) Summerlin Hospital, alleged to have a lien on the property. (*Id.* at 6.)

Defendant U.S. Bank, N.A. removed the case to this Court based on diversity jurisdiction. ECF No. 1 at 2. In its removal petition, U.S. Bank asserts that plaintiff Italspain is a Nevada corporation with its principal place of business in Nevada. *Id.*; ECF No. 1-2. U.S. Bank asserts it is a citizen of Minnesota. ECF No. 1 at 2. Finally, U.S. Bank states the property had an assessed value of $38,440. *Id.* at 5. Because U.S. Bank did not address the citizenship of UMC, The Mortgage Financial, Inc., Jason Moore, or Summerlin Hospital, and because U.S. Bank had not shown the $75,000 amount in controversy requirement for diversity jurisdiction was satisfied, I

---

[1] It is unclear if UMC is meant to be a named defendant but mistakenly omitted from the caption because the complaint alleges UMC has an interest in the property.

ordered U.S. Bank to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. ECF No. 12.

U.S. Bank responds by arguing UMC is not a defendant in this action because it is not named in the caption, and therefore its citizenship is irrelevant. U.S. Bank contends Moore is a citizen of either California or Georgia because his recent addresses are from these states. U.S. Bank asserts Summerlin Hospital Medical Center possibly is a citizen of Pennsylvania and Tennessee, but more discovery is needed to determine its citizenship. Finally, U.S. Bank asserts The Mortgage Financial, Inc. no longer exists and thus its citizenship is irrelevant. As to the amount in controversy, U.S. Bank asserts that the 2016-17 assessed amount of the property is over $84,000. Italspain did not respond to the order to show cause.

As the party seeking to invoke this Court's jurisdiction, U.S. Bank bears the burden of establishing jurisdiction. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). I grant U.S. Bank's request for jurisdictional discovery. The parties have 90 days from entry of this order to conduct jurisdictional discovery. No later than 10 days after the jurisdictional discovery period ends, U.S. Bank must file a brief and present evidence proving by a preponderance of the evidence that on the date of removal the parties in this case were diverse and the amount in controversy exceeded $75,000. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) (amount in controversy is determined from facts as they exist at time of removal); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (removing defendant bears the burden of proving jurisdiction by a preponderance of the evidence). This case is not stayed during this period and other deadlines in the case shall be set in the usual manner.

IT IS THEREFORE ORDERED that the parties have a jurisdictional discovery period of 90 days from the date of this order.

IT IS FURTHER ORDERED that no later than 10 days after the 90-day jurisdictional discovery period ends, U.S. Bank shall file a brief and present evidence proving by a preponderance of the evidence that diversity jurisdiction exists in this case. Any other party may file a response brief within 14 days of service of U.S. Bank's brief. U.S. Bank may file a reply

1 | within seven days thereafter.

2 |       DATED THIS 27th day of May, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE